J. A15010/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: E.V. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: E.V. | : | No. 1261 EDA 2015 |
| | : | |
| | : | |

Appeal from the Dispositional Order, April 7, 2015,
In the Court of Common Pleas of Philadelphia County
Juvenile Division at No. CP-51-JV-0000135-2015

BEFORE: FORD ELLIOTT, P.J.E., DUBOW, J., and JENKINS, J.

CONCURRING AND DISSENTING STATEMENT BY DUBOW, J.:

**FILED DECEMBER 16, 2016**

Although I agree with the Majority that the trial court did not err in denying Appellant's Motion to Suppress, I respectfully dissent from the conclusion that the evidence was sufficient to sustain his conviction of False Identification to Law Enforcement.[1]

Appellant avers that the Commonwealth's evidence was insufficient to support his conviction of False Identification to Law Enforcement because the Commonwealth failed to present testimony that officers advised Appellant that he was the subject of an official police investigation prior to when Appellant provided them with a fake name. Appellant's Brief at 26-28.

---

[1] 18 Pa.C.S. § 4914(a).

This claim of error requires us to interpret 18 Pa.C.S. § 4914(a) which provides:

> A person commits an offense if he furnishes law enforcement authorities with false information about his identity after being informed by a law enforcement officer who is in uniform or who has identified himself as a law enforcement officer that the person is the subject of an official investigation of a violation of law.

18 Pa.C.S. § 4914(a).

In *In re: D.S.*, 39 A.3d 968 (Pa. 2012), the Pennsylvania Supreme Court considered the language of Section 4914(a) and held that, in order to sustain a conviction of False Identification to Law Enforcement, the Commonwealth must present evidence that a law enforcement officer affirmatively informed an individual that he is the subject of an official police investigation. *See Id.* at 974-75. There, the Commonwealth argued that circumstantial inferences should be included as a way in which a person may be informed that he is the subject of an official investigation. Our Supreme Court rejected that argument, concluding that there is "no language in the statute to suggest that the General Assembly intended that an individual's knowledge [that he is the subject of an official police investigation] could be derived from the surrounding circumstances." *Id.* at 975.

In the instant case, the Commonwealth does not aver that officers actually informed Appellant that he was the subject of an official police investigation. Instead, the Commonwealth, the trial court, and the Majority all find that the instant surrounding circumstances made it so obvious that

Appellant was the subject of an investigation that sufficient notification can be found.

I agree with the Majority that, were there ever a case where surrounding circumstances alone could suffice, the instant case would meet the notice requirement. However, our review of the Notes of Testimony confirms that the Commonwealth did not present testimony or evidence that officers advised Appellant that he was the subject of an official police investigation.

Our Supreme Court's holding in **In re: D.S.** dictates that the language of Section 4914(a) clearly and unambiguously required officers to inform Appellant explicitly that he was the subject of an official police investigation. **See id.** The fact there were a great many surrounding circumstances in the instant case indicative of an official investigation does not relieve the Commonwealth of its burden under Section 4914(a).

I, therefore, agree with Appellant that the Commonwealth presented insufficient evidence to sustain this charge.